UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN FOSTER, et al.,

    Plaintiffs,

vs.                                    Case No. 5:10-cv-405-Oc-99TJC-MCR

JHM ENTERPRISES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss or Alternatively Strike (Doc. 13) filed October 7, 2010. Plaintiffs filed a response in opposition to this Motion (Doc. 16) on October 17, 2010. Accordingly, the matter is now ripe for judicial review.

## I. INTRODUCTION

Plaintiffs, on behalf of themselves and others similarly-situated, filed their Complaint on August 18, 2010 alleging Defendant violated the Fair Labor Standards Act (the "FLSA") and the Florida Constitution by failing to pay them overtime and vacation pay. (Doc. 1). On September 9, 2010, Plaintiffs filed an Amended Complaint (Doc. 7) in which they dropped their claims for unpaid vacation pay under the FLSA. Plaintiffs

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

attached to the Amended Complaint, copies of letters sent to Defendant from their attorney setting forth their claims for unpaid overtime and unpaid vacation pay.  (Doc. 7, Ex. A).  On October 7, 2010, Defendant filed the instant Motion (Doc. 13), asking the Court to dismiss the Amended Complaint or alternatively to strike Plaintiffs' collective and/or class action allegations.  Plaintiffs responded to the Motion on October 17, 2010 and on December 15, 2010, Judge Corrigan entered an Order (Doc. 21) referring the Motion to the undersigned for entry of a report and recommendation (Doc. 21).

## II. **BACKGROUND FACTS**

Taking the facts in the Amended Complaint and the exhibits attached thereto as true, the following is a brief factual background for this case.  Plaintiff, Norman Foster, began working for Defendant in September 2007 as a kitchen manager/chef, which required him to cook and to manage the kitchen staff.  In October 2007, Plaintiff, Pamela Foster, began working for Defendant as a restaurant/banquet manager with her primary duties being the service and hospitality of clientele.  Both Plaintiffs allege Defendant failed to pay them overtime.  Mr. Foster alleges he was not paid overtime during the period from June 2008 through August 2009.  Ms. Foster claims she was not paid overtime during the period from October 2007 through August 2009.  Additionally, both Plaintiffs allege that when they left Defendant's employ in February 2010, Defendant failed to pay them for eighty hours of their unused vacation pay.  Plaintiffs also allege that other, similarly-situated employees of Defendant were also denied overtime and vacation pay.

## III. ANALYSIS

Defendant seeks to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Alternatively, Defendant seeks to strike Plaintiffs' collective and/or class allegations pursuant the Rule 12(f).

### A.   Standard of Review

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). Moreover, the Court must limit its consideration to the complaint and the written instruments attached to it as exhibits. Rule 12(d), Fed.R.Civ.P.; GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).

To withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). To determine whether a plaintiff has accomplished this, the Court engages in a two-step approach: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

Federal Rule of Civil Procedure 12(f) allows a court to strike from any

pleading any "redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f), Fed.R.Civ.P.  However, motions to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  <u>Siebel v. Society Lease, Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997) (citing <u>Poston v. American President Lines, Ltd.</u>, 452 F. Supp 568, 570 (S.D. Fla. 1978)).

**B.** **<u>Is the Amended Complaint subject to dismissal for failure to state a claim?</u>**

Defendant asks the Court to dismiss all of Plaintiffs' claims against it because Plaintiffs have failed to state a claim.  Specifically, Defendant argues Plaintiffs have failed to provide sufficient factual support for their FLSA overtime claims.  Additionally, Defendant takes the position that Plaintiffs' claims for unpaid vacation pay should be dismissed because vacation pay is not a "recoverable form of remuneration under the Florida Constitution."  (Doc. 13, p. 8).  Plaintiffs respond that they have indeed pled sufficient facts in their FLSA overtime claims to withstand Defendant's Motion to Dismiss, especially when the Court considers the exhibits to the Amended Complaint.  As for the vacation pay claims, Plaintiffs argue the Florida Constitution does provide for the recovery of unpaid vacation pay.

**1.** **<u>Plaintiffs' overtime claims</u>**

Counts I and III of the Amended Complaint allege Defendant improperly failed to pay Plaintiffs overtime as required by the FLSA.  Defendant argues Plaintiffs have failed to plead specific facts regarding their denial of overtime.  In particular, Defendant states Plaintiffs "fail to plead such basic foundational matters as the amounts of the payments that are allegedly at issue or how these amounts were or should have been calculated

by Defendant." (Doc. 13, pp. 6-7). This argument, however, fails on two grounds. First, a review of the Amended Complaint and the exhibits attached thereto reveal Plaintiffs stated they were not paid overtime compensation for hours worked over forty in a given week during the time period from June 2008 through August 2009. (Doc. 7, ¶ 22). Additionally, in the exhibits to the Amended Complaint, Plaintiffs elaborate on their claims for overtime pay and specify how they believe the overtime compensation should have been calculated.

Second, Defendant does not cite a single case supporting its argument that Plaintiffs are even required to plead the amount of overtime they are due or the method by which a defendant is to calculate the overtime. Indeed, the Eleventh Circuit has noted that the requirements to state a claim for a violation of the FLSA are "quite straightforward." Secretary of Labor v. Labbe, 319 F.App'x 761, 763 (11th Cir. 2008). In Labbe, the court noted that in an overtime case, "[t]he elements that must be shown are a failure to pay overtime compensation [] to covered employees . . ." Id. Here, the Amended Complaint contains these elements as it specifically alleges Plaintiffs were covered employees and that Defendant failed to pay them overtime. Accordingly, the undersigned finds the Amended Complaint contains enough factual allegations to state a claim for relief that is plausible on its face and as such, the Motion to Dismiss is due to be denied insofar as it relates to Plaintiffs' claims for unpaid overtime compensation.

### 2. Plaintiffs' vacation pay claims

Counts II and IV of the Amended Complaint allege Defendant violated Article X, Section 24 of the Florida Constitution by failing to pay Plaintiffs their vacation pay.

Defendant argues Plaintiffs' claims for unpaid vacation pay should be dismissed because the Florida Constitution provides that case law and regulations interpreting the FLSA shall guide the construction of claims made pursuant to the Florida Constitution. Defendant reasons that because the FLSA does not provide a statutory right to vacation pay, neither does the Florida Constitution. (Doc. 13, p.7). Plaintiffs respond by pointing to several cases in which Florida courts have determined that the term "wages" includes vacation pay. (Doc. 16, pp. 6-7).

Article X, Section 24 of the Florida Constitution provides:

> All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship.

Fla. Const. Art X, §24(a).  The section goes on to provide that the terms "employee," "employer," and "wage," as they are used in the amendment creating Section 24, are to have the meanings established under the FLSA and its implementing regulations.  Fla. Const. Art X, §24(b).  None of the cases cited by Plaintiffs, which define wages to include vacation pay, deal with a claim for unpaid minimum wages under the Florida Constitution.  Instead, the cases deal with claims for attorneys fees pursuant to Florida Statute § 448.08, which permits a court to award attorneys fees to a prevailing party in a suit for unpaid wages.  As noted in one case cited by Plaintiffs, Florida courts have looked to several different definitions of the term "wages" because chapter 448 of the Florida Statutes does not define the term "wages." <u>Elder v. Islam</u>, 869 So.2d 600, 601-02 (Fla. 5th DCA 2004).

Unlike Section 448.08, the Florida Constitution specifically provides that the term "wages" shall be defined as it is in the FLSA. As Defendant notes, the FLSA does not consider vacation pay to be wages. See Field v. American Mortgage Express, Corp., No. C 09-01439 MHP, 2009 WL 3562423, at *4 (N.D. Cal. Oct. 27, 2009) ("the FLSA does not provide a cause of action for individuals . . . who claim they were denied wages, benefits, or vacation pay due them at termination."). Accordingly, as Plaintiffs have pointed to no authority to the contrary and the Court was likewise unable to find any, the undersigned believes Plaintiffs' claims for unpaid vacation pay pursuant to the Florida Constitution are due to be dismissed.[2]

**C.    Are Plaintiffs' Collective or Class Action Claims Due to be Stricken?**

Alternatively, Defendant asks the Court to strike Plaintiffs' claims for a collective or class action as they have failed to sufficiently plead allegations to support either a collective or class action under the FLSA or the Florida Constitution.[3] Plaintiffs respond that at this point, they have provided sufficient allegations to put Defendant on notice that they may seek to conditionally certify a collective action.

The Court agrees with Plaintiffs. Defendant's attempts to strike the collective action language is premature at this time. Plaintiffs have not yet asked the Court to

---

[2] The undersigned recommends these claims for vacation pay be dismissed without prejudice as Plaintiffs may be able to state a claim for unpaid vacation pay pursuant to Florida common law. See Short v. Bryn Alan Studios, Inc., No. 8:08-cv-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. Oct. 27, 2008).

[3] As the undersigned has recommended Plaintiffs' claims under the Florida Constitution be dismissed, it will only determine whether Plaintiffs' allegations regarding a collective action under the FLSA are sufficient.

conditionally certify a collective action.  Until they do, Plaintiffs' allegations that similarly-situated employees were denied overtime compensation is sufficient to put Defendant on notice that Plaintiffs may seek conditional certification of a collective action.  See Anish v. National Securities Corp., No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010); Puleo v. SMG Property Management, Inc., No. 6:08-cv-86-Orl-22DAB, 2008 WL 3889727, at *3 (M.D. Fla. Aug. 20, 2008).  When Plaintiffs file such a motion, Defendant certainly may raise these arguments again.  Therefore, the undersigned will recommend Defendant's motion to strike Plaintiffs' collective action claims be denied at this time.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Defendant's Motion to Dismiss or Alternatively Strike (Doc. 13) be **GRANTED in part and DENIED in part** as provided in the body of this Report and Recommendation. Counts II and IV of the Amended Complaint should be dismissed without prejudice.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  21st  day of January, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan,
   United States District Judge
Counsel of Record